KNIGHT *v.* STATE.

Opinion delivered July 1, 1929.

*Sam M. Levine* and *E. W. Brockman,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

BUTLER, J. Robert Knight, the appellant, was indicted by the grand jury of Jefferson County on a charge of grand larceny committed, as it is said, by stealing an overcoat, the property of J. F. Mullins. He was tried

upon this indictment, convicted, and sentenced to serve one year in the State Penitentiary. He seeks to reverse the verdict and judgment, first, because of the court's refusal at the close of the testimony to direct a verdict of not guilty on the theory that, if any crime was committed, it was false pretenses and not larceny; and second, for error of the court in giving the following instruction:

"If you believe from the evidence in this case beyond a reasonable doubt that the defendant, in Jefferson County, Arkansas, and within three years prior to the filing of the indictment, by fraudulent artifice obtained from Wilks & Webb an overcoat of the value of more than $10 and the property of J. F. Mullins, and that at the time the property was obtained you also believe from the evidence beyond a reasonable doubt that he obtained it and carried it away with the felonious intent to steal it, you will convict him of the crime of grand larceny as charged in the indictment."

Wilks & Webb, a firm engaged in the clothes cleaning business in Pine Bluff, had an overcoat of J. F. Mullins in their possession for the purpose of cleaning and pressing it. Mrs. Lowery, who was employed by the cleaners, testified that appellant called for some clothing which he had previously left at the cleaning shop and at the same time asked for and obtained the overcoat of J. F. Mullins, paid the charges on Mullins' coat, and left the shop with it. Appellant is a negro man, and the first time the witness ever saw him was when he called for the Mullins overcoat, but she identified him as the same person as the one Robert Knight, who had been indicted by the grand jury.

W. M. Wilks, a member of the clothes cleaning firm, stated that he was present when Robert Knight came to his shop and obtained the Mullins overcoat; that he knew Knight when he saw him, and that Knight, at the time he obtained the coat, paid the charges, and asked for the ticket so that he (Knight) would know what to collect

for it from Mr. Mullins. According to the witness, Mullins' overcoat was worth about $50. Witness stated positively that it was the defendant who had got the coat.

Mrs. Mullins, the wife of J. F. Mullins, testified that she had sent her husband's overcoat to the cleaner; that she did not know the defendant, Robert Knight, and did not send him for the coat. At the time the coat was sent to the cleaner and taken away by the defendant, Mullins was away from home.

The defendant, testifying in his own behalf, stated that he did not get the overcoat from the cleaning shop but that he sent another young negro to the shop for the clothing that he, himself, had left there, and that this boy brought him the clothing he had been sent for, but no other. Defendant stated that he did not sign for the clothing, as testified to by Mrs. Lowery, and that he could neither read nor write; that he did not know either Mr. or Mrs. Mullins.

The defendant contends that the evidence was not sufficient to identify him as the person who had obtained the overcoat, and, if it was sufficient for that purpose, it was insufficient to establish the crime of larceny. To sustain this contention he cites the case of *Haley* v. *State,* 49 Ark. 147, 4 S. W. 746, in which case the following language was used: ''Where by fraud, conspiracy, or artifice the possession is obtained with felonious design and title still remains in the owner, larceny is established. Where title, as well as possession, is absolutely parted with, the crime is false pretense.'' We think that an application of the law stated in the case cited to the facts proved in the case at bar establishes the correctness of the court's refusal to direct a verdict for the defendant and warrants the giving of the instruction set out above. The ownership of the property stolen was laid by the allegations of the indictment in J. F. Mullins, and Wilks & Webb were entitled only to the possession and control of the overcoat for the purpose for which it was deposited with them, and could not have parted with the ownership of Mullins.

Moreover, the evidence shows that they did not intend, by giving the defendant the coat, to invest him with its ownership, but thought, by reason of the false artifice of defendant, that he had been constituted the owner's agent for the purpose of getting the coat and conveying it to the owner. It is clear therefore that the title remained in J. F. Mullins and possession of the coat was obtained by the defendant through artifice with a felonious design and that it was his intention to carry away and steal it.

The defendant cites a number of other decisions of this court in line with the case of *Haley* v. *State, supra,* which, as stated in our application of that case to the evidence in this case, are clearly against his contention. The defendant went to the cleaning and pressing shop and obtained therefrom the overcoat by falsely pretending that he had been sent for it by Mrs. Mullins, the wife of the owner of the coat. Wilks & Webb, the cleaners, had no authority to deliver the coat to defendant and no property passed to him, but the mere possession, feloniously obtained, which is the essence of the crime of larceny. It follows that the trial court correctly declared the law in giving the instruction objected to, and the verdict of the jury was justified under the evidence adduced on the part of the State. The judgment is therefore affirmed.